Filed 12/11/23  Ray v. Fitzgerald CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| RAKESH RAY, | |
| Claimant and Appellant, | E077535 |
| v. | (Super. Ct. No. COC2003620) |
| JEANNE M. FITZGERALD et al., | OPINION |
| Claimants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Christopher B. Harmon, Judge.  Affirmed.

Rakesh Ray, in pro. per., for Claimant and Appellant.

Jeanne M. Fitzgerald, in pro. per., for Claimant and Respondent.

No appearance by Kamlesh Ray and Bijal Chollera, for Claimants and Respondents.

1

# I.

## INTRODUCTION

Rakesh Ray, proceeding in pro. per., appeals the trial court's order awarding Jeanne Fitzgerald, his ex-wife's attorney, the surplus funds from a trustee's sale of his home. Because the trial court correctly found that Fitzgerald had the most senior lien on the home and that the amount of her lien exceeded the amount of the surplus funds, the trial court correctly awarded Fitzgerald all of the funds. We therefore affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Ray and his ex-wife, Bijal Chollera, owned a house together in Mira Loma before divorcing. After they divorced, Quality Loan Service Corporation (Quality) sold the house in a nonjudicial foreclosure as trustee, which resulted in $42,202.56 in surplus funds after satisfying the beneficiary's debt and Quality's expenses. Because there was a dispute over who was entitled to the surplus funds that Quality could not resolve, Quality deposited the funds with the trial court (less a $450 filing fee) and petitioned the court to resolve the dispute.

In its petition, Quality identified six potential liens on the property in order of seniority: (1) a July 2013 abstract of judgment in Chollera's favor, (2) a November 2013 deed of trust in Fitzgerald's favor, (3) a May 2014 abstract of judgment in a credit card company's favor, (4) a July 2015 abstract of judgment in Chollera's favor, (5) an April 2016 deed of trust in Ray's favor, and (6) a May 2016 deed of trust in favor of Ray's

2

brother, Kamlesh D. Ray. Quality stated that Chollera and Ray, as the previous owners of the foreclosed property, were entitled to any remaining surplus funds after the six junior liens were satisfied. Quality explained that it received a claim to the surplus funds with supporting documentation from Chollera and Ray, as well as an objection from Ray, but had received no other claims to the funds. But given Ray's objection, Quality could not "determine how the surplus funds should be distributed."

In response to Quality's petition, Chollera and Ray filed claims to the surplus funds in the trial court. Ray argued, among other things, that he was entitled to the surplus funds to satisfy a deed of trust on the Mira Loma property in his favor that he recorded in December 2015.

Fitzgerald, Chollera's attorney in her divorce proceedings, filed a declaration opposing Ray's claim. Fitzgerald explained that the December 2015 deed of trust on the Mira Loma property that Ray relied on in his claim was fraudulent and had been set aside Los Angeles Superior Court during the divorce proceedings, thereby removing the lien on the property imposed by the deed.[1] Fitzgerald also explained that before Ray recorded the fraudulent deeds, she recorded with the County of Riverside a deed of trust on the Mira Loma property for $10,000 in her favor in August 2013. And, in March 2015, the Los Angeles Superior Court issued a judgment in her favor, which she recorded with the County of Riverside in July 2015, that directed Ray to pay her $25,000 as a sanction and

---

[1] We sua sponte take judicial notice of the fact that the Los Angeles Superior Court's order setting aside the December 2015 deed was affirmed on appeal. (*Chollera v. Ray* (Feb. 7, 2017) 2017 WL 491701, at *8 [nonpub. opn.].)

3

$30,000 for Chollera's attorney's fees. As of the date Fitzgerald filed her declaration, however, the judgment remained unsatisfied and the interest on it totaled over $27,000, meaning that Ray owed Fitzgerald about $82,000. Fitzgerald attached documentation to her declaration confirming all of her representations.

After holding a hearing on the parties' competing claims, the trial court found that Fitzgerald was entitled to the entirety of the surplus funds deposited with the court. Ray timely appealed.[2]

### III.

### DISCUSSION

Ray contends the trial court erroneously awarded the surplus funds to Fitzgerald. We disagree.

Following a nonjudicial foreclosure, Civil Code section 2924j[3] provides that when proceeds remain after the beneficiary's debt is satisfied and all of the trustee's expenses have been paid, the trustee must send a written notice to those persons with recorded interests in the property entitled to notice prior to the foreclosure sale. (§§ 2924j, subd. (a) & 2924b, subds. (b), (c).) Section 2924j(d) requires the trustee to notify all claimants that a claim for the funds must be filed with the court, and that the court shall consider all

---

[2] None of the other actual or potential claimants appealed, so Ray and Fitzgerald are the only parties on appeal.

[3] Unless otherwise indicated, all further statutory references are to the Civil Code.

claims filed with the court. There is no dispute that Quality fully complied with the statute's notice requirements.

The trial court then must "consider all claims" and "distribute the deposited funds to any and all claimants entitled thereto." (§ 2924j, subd. (d).) The funds must be distributed in the following order of priority: (1) to the costs and expenses in exercising the power of sale and sale, (2) to the payment of the obligations secured by the deed of trust or mortgage which is the subject of the trustee's sale, (3) to satisfy any outstanding balance of obligations secured by any junior liens or encumbrances in the order of their priority, and (4) to the trustor or trustor's successor in interest. (§ 2924k, subd. (a).)

Quality applied the proceeds from the sale of the Mira Loma property in accordance with section 2924k, subdivision (a). After paying off the mortgage and the costs associated with the trustee's sale, the surplus funds of about $42,000 had to go toward satisfying junior liens on the property in their order of priority. (§ 2924k, subd. (a)(3).) Quality thus filed its petition to resolve the dispute over the funds.

"California follows the 'first in time, first in right' system of lien priorities." (*Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1099.) This generally means that "different liens upon the same property have priority according to the time of their creation." (§ 2897.)

Quality determined that Chollera had the most senior lien on the Mira Loma property, a 2013 abstract of support judgment, but the trial court found she was not entitled to the surplus funds because the abstract had not been recorded and did not state

5

how much she was owed.  Because Chollera did not appeal and is not a party on appeal, we need not address the issue further.

The trial court then correctly found that Fitzgerald held the next most senior liens against the Mira Loma property:  the $10,000 deed of trust recorded against the property in 2013 and the $55,000 judgment recorded against Ray in July 2015.  (See Code Civ. Proc., § 697.310, subd. (a) [abstract of judgment, once recorded with the county, becomes a lien on all real property owned by the judgment debtor in the county].)  As a result, Fitzgerald was first in line to have her liens satisfied under section 2924k, subdivision (a)(3).  And because the amount of Fitzgerald's liens exceeded the amount of the surplus funds, she was entitled to all of the funds.  We therefore find that the trial court properly awarded Fitzgerald the entirety of the surplus funds.[4]

Ray's briefs provide no coherent argument to the contrary.  His briefs consist almost entirely of attacks on Fitzgerald, Chollera, the Commissioner who oversaw his divorce proceedings, and the trial court judge below.  We have thoroughly considered Ray's briefs and, to the extent we can follow them, we find they have raised no meritorious argument.  We therefore affirm the trial court's order awarding the surplus funds to Fitzgerald.

---

[4] We note that the trial court's order incorrectly states that the amount of the surplus funds is $42,202.56.  This figure does not take into account the $450 filing fee Quality paid to file its petition.  As Quality noted in its petition, the surplus funds total $41,752.56 ($42,202.56 less the $450 filing fee).

6

IV.

DISPOSITION

The trial court's order awarding Fitzgerald the surplus funds deposited with the superior court is affirmed.  Fitzgerald may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.